UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

ANTHONY Q. HILLMAN,

                                                                 DECISION AND ORDER

                       Plaintiff,

                                                                  17-CV-6825L

                    v.

COMMISSIONER OF SOCIAL SECURITY,

                       Defendant.
_____

Plaintiff appeals from a denial of disability benefits by the Commissioner of Social Security ("the Commissioner"). The action is one brought pursuant to 42 U.S.C. §405(g) to review the Commissioner's final determination.

On February 27, 2014, plaintiff, then forty-eight years old, filed applications for a period of disability and disability insurance benefits under Title II of the Social Security Act (the "Act"), and for supplemental security income under Title XVI of the Act. Plaintiff alleged an inability to work since July 1, 2009. (Dkt. #8 at 14). His applications were initially denied. Plaintiff requested a hearing, which was held on May 11, 2016 before Administrative Law Judge ("ALJ") Marie Greener. The ALJ issued a decision on June 24, 2016, concluding that plaintiff was not disabled under the Social Security Act. (Dkt. #8 at 14-23). That decision became the final decision of the Commissioner when the Appeals Council denied review on October 4, 2017. (Dkt. #8 at 2-4). Plaintiff now appeals from that decision.

The plaintiff has moved for judgment on the pleadings pursuant to Fed. R. Civ. Proc. 12(c) remanding the matter for the calculation and payment of benefits, or in the alternative, for further proceedings (Dkt. #11), and the Commissioner has cross moved for judgment on the pleadings affirming the Commissioner's decision (Dkt. #15).

**DISCUSSION**

Determination of whether a claimant is disabled within the meaning of the Social Security Act follows a well-known five-step sequential evaluation, familiarity with which is presumed. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). *See* 20 CFR §§404.1509, 404.1520. The Commissioner's decision that a plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ applied the correct legal standards. *See* 42 U.S.C. §405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir. 2002).

The ALJ's decision recites detailed findings of fact, and sets forth the evidence upon which they rest. Upon careful review of the complete record, I believe that the ALJ applied the correct legal standards, and that her finding that plaintiff is not totally disabled is supported by substantial evidence.

In examining plaintiff's application, the ALJ summarized plaintiff's medical records reflecting treatment for affective disorder, psychotic disorder and anxiety disorder, which the ALJ determined together constituted a severe impairment not meeting or equaling a listed impairment. Upon review of the evidence of record, the ALJ determined that plaintiff retained the residual functional capacity ("RFC") to perform unskilled work at all exertional levels, but is limited to tasks that do not require more than simple, short interactions with supervisors, coworkers or the public. Plaintiff may work in proximity to others, but cannot work in conjunction with others. His work should predominately involve working with objects or animals, rather than people. He

requires a low stress work environment, defined as one that involves routine daily tasks and duties in the same workplace, which do not significantly change in pace or location on a daily basis. (Dkt. #8 at 18-19).

I believe the evidence supports the ALJ's conclusion that plaintiff was not totally disabled, due to the ALJ's finding that plaintiff's RFC permitted him to return to his previous work as a laundry worker, both as he performed it and as it is generally performed in the economy. (Dkt. #8 at 22).

Plaintiff argues that the ALJ's RFC determination was not supported by substantial evidence, chiefly because the ALJ erred in her assessment of the medical opinions of record, and declined to fully credit them for improper reasons.

Plaintiff's treating therapist, licensed mental health counselor J. Ese Moynihan-Ejaife, completed several psychological assessments of plaintiff's mental RFC. Ms. Moynihan-Ejaife opined, at times, that plaintiff had moderate (and on two occasions, greater than moderate) limitations in the areas of maintaining attention and concentration, maintaining regular attendance, performing tasks independently, performing low stress and simple tasks, and/or responding appropriately to changes in a routine work setting. (Dkt. #8 at 708, 712, 720, 728, 732, 737). The ALJ afforded Ms. Moynihan-Ejaife's opinions "little" weight, on the grounds there was no evidence to support a finding of greater-than-moderate limitations ("[e]xcept during a few temporary periods of symptom exacerbation"), and that her statements were internally inconsistent – for example, opining that plaintiff was "moderately limited" in performing low stress and simple tasks, attending to a routine, and maintaining a schedule, while simultaneously opining that plaintiff had *no* limitations in following, understanding and remembering simple instructions and directions, and maintaining attention and concentration for rote tasks. (Dkt. #8 at 21, 708). The

3

ALJ's observations concerning the inconsistencies between and within Ms. Moynihan-Ejaife's opinions were not factually erroneous, and the opinions are confined to cursory, check-box forms unsupported by any narrative explanations or treatment notes. As such, I do not find that the ALJ erred in declining to grant them more than "little" weight.

Plaintiff argues that the ALJ similarly erred in her assessment of the opinion of consulting psychiatrist Dr. Yu-Ying Lin, which was given "somewhat less weight," but which the ALJ purported to have credited, such that "the limitations she identified are addressed by the [RFC finding]." (Dkt. #8 at 22, 267-70). Dr. Lin opined that plaintiff can follow and understand simple instructions and perform simple tasks. She further found that plaintiff is mildly limited in maintaining attention and concentration and learning new tasks, moderately limited in making appropriate decisions, moderately-to-markedly limited in maintaining a regular schedule and relating adequately with others, and markedly limited in appropriately dealing with stress, and in performing complex tasks independently. (Dkt. #8 at 269).

Initially, the RFC determined by the ALJ does account for mild and/or moderate limitations in work-related functioning by limiting plaintiff to unskilled work, in a low stress work environment involving only routine daily tasks in the same workplace, and with no change in pace or location on a daily basis. (Dkt. #8 at 19). *See Martinez v. Commissioner*, 2017 U.S. Dist. LEXIS 93475 at *20-*21 (N.D.N.Y. 2017) (collecting cases, and noting that the "Second Circuit has held that moderate limitations in work related functioning do[] not significantly limit, and thus prevent, a plaintiff from performing unskilled work") (citing *Zabala v. Astrue*, 595 F.3d 402, 410 (2d Cir. 2010)); *Jimmerson v. Berryhill*, 2017 U.S. Dist. LEXIS 116211 at *9 (W.D.N.Y. 2017) (moderate limitations in concentration and maintaining a regular schedule are accommodated by an RFC that limits the claimant to simple tasks, in a low stress environment with limited

4

interactions with others); *Lowry v. Commissioner*, 2017 U.S. Dist. LEXIS 52954 at *10-*12 (N.D.N.Y. 2017) (moderate limitations in maintaining attention and concentration, performing activities within a schedule and maintaining regular attendance, and completing a normal workday without interruption, are sufficiently accommodated by an RFC that limits claimant to unskilled work with simple, routine tasks). Similarly, I find that any moderate-to-marked or marked limitations with respect to social interaction, performing complex tasks independently, and dealing with stress, are also appropriately accounted-for in the ALJ's RFC finding, which limits plaintiff to unskilled work involving routine, daily tasks and duties which don't change in pace or location on a daily basis, with no more than simple, short interactions with supervisors, coworkers or the public, no work in conjunction with others, working predominantly with objects or animals instead of people, and a low-stress work environment. (Dkt. #8 at 19).

In short, even assuming *arguendo* that the ALJ erred in declining to give greater weight to the limitations opined by Ms. Moynihan-Ejaife and/or Dr. Lin, the limitations they identified were sufficiently accounted-for in the ALJ's RFC finding, and any such error is harmless.

I have considered the rest of plaintiff's claims, and find them to be without merit. On balance, I find that the record simply does not support plaintiff's claim of total disability: I concur with the ALJ and conclude that there is substantial evidence to support her determination as to plaintiff's residual functional capacity. There is no dispute that plaintiff's prior work as a laundry worker is consistent with this RFC. I find no reason to modify the ALJ's decision.

## CONCLUSION

The plaintiff's motion for judgment on the pleadings (Dkt. #11) is denied, and the Commissioner's cross motion for judgment on the pleadings (Dkt. #15) is granted. The

Commissioner's decision that plaintiff was not disabled is in all respects affirmed, and the complaint is dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
      June 7, 2019.